UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------------------X
DAVID KRAMER,

*Plaintiff,*

      -against-

ACIER HOLDINGS LLC, DOV ZABROWSKY,
MOSHE GLATZER, JACOB GLATZER, and
289-301 WASHINGTON LLC,

*Defendants.*

--------------------------------------------------------------------X

Case No.: 23-cv-2141

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff David Kramer, by and through his attorneys, Oved & Oved LLP, as and for his Complaint against defendants Acier Holdings LLC, Dov Zabrowsky, Moshe Glatzer, Jacob Glatzer, and 289-301 Washington LLC (collectively, "Defendants"), set forth and allege as follows, upon information and belief:

**SUMMARY OF CLAIMS**

1.    This action asserts claims against Defendants for breach of contract and, alternatively, unjust enrichment and seeks, *inter alia*, a constructive trust over Defendants' other construction projects and the fruits of those projects as they were constructed with monies that Defendants intentionally and wrongfully misappropriated from Plaintiff.

**PARTIES**

2.    Plaintiff David Kramer ("Plaintiff" or "Kramer") is a resident of Brooklyn, New York.

3.    Defendant Acier Holdings LLC ("Acier") is a New Jersey Limited Liability Company.

4.    Defendant 289-301 Washington LLC ("Washington") is a New Jersey Limited Liability Company

5.      Defendant Dov Zabrowsky ("Dov") is a New Jersey resident.

6.      Defendant Moshe Glatzer ("Moshe") is a New Jersey resident.

7.      Defendant Jacob Glatzer ("Jacob") is a new Jersey resident.[1]

8.      The Individual Defendants are the sole owners of Acier and Washington.

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendants, and the damage caused to Plaintiff exceeds $75,000.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) or (2).

## BACKGROUND

A.      **The Halo Project**

11.     Plaintiff is a renowned and successful real estate businessmen and developer.

12.     Plaintiff has devoted the past thirty years to real estate and the past seven to running Hilltop Management, a manager of residential buildings, commercial buildings, office buildings and "flex" buildings throughout the United States.

13.     In contrast to Kramer's wealth of experience, Acier only recently entered the real estate development business.

14.     In or about 2017, Acier set its sights on acquiring the property located at 289-301 Washington Street, Newark, NJ (the "Newark Property") in order to develop thereon an apartment complex with amenities (the "Halo Project Venture").

15.     The acquisition price for the Newark Property was to be $10,800,000.

16.     However, despite its efforts to arrange funding and financing, Acier did not have sufficient funds to close on the Newark Property.

---

[1] Dov, Moshe and Jacob are hereinafter collectively referred to  as the "Individual Defendants."

17.     As such, Acier reached out to Kramer to fund Four Million Dollars of the Purchase Price for the Newark Property.

18.     In or about November 2017, Kramer agreed to loan Defendants the Four Million Dollars they required to close on the Newark Property and begin developing it in exchange for the return of his loan, together with a modest interest rate and a thirty-five (35)% interest ownership interest in the Halo Project Venture (the "Kramer Interest").

19.     Defendants agreed and on or about November 10, 2017, Kramer transferred to Defendants the sum of Four Million Dollars (the "Kramer Money").

20.     With the Kramer Money in hand, on or about November 30, 2017, Acier, through the newly-formed single-purpose-entity Washington, closed on the Newark Property and began construction on the Halo Project Venture.

21.     Subsequent thereto, Defendants requested that Kramer pay mortgage payments for the Halo Project Venture that Defendants could not afford to make.

22.     To protect the parties' Halo Project Venture, and his own Kramer Interest therein, Kramer made the requested mortgage payments.

23.     However, as a result of a different dispute between the parties, and in an effort to gain leverage therein, Defendants are falsely asserting to lending institutions and the parties' shared contacts in the industry, that Kramer does not possess the agreed-upon ownership interest in the Halo Project Venture.

24.     As such, Defendants stand to profit from the wrongful exclusion of Kramer from the Halo Project Venture—which was purchased and constructed with the Kramer Money.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

25.     Plaintiff repeats, reiterates and re-alleges the preceding paragraphs with the same

force and effect as if more fully set forth herein.

26.     As described more fully above, in or about November 2017, Plaintiff and Defendants entered into an agreement whereby, in exchange for Kramer loaning Defendants the Kramer Money Defendants needed to close on the Newark Property and begin its development, Kramer would be entitled to, *inter alia*, the Kramer Interest in the Halo Project Venture.

27.     Kramer performed his part of the agreement. and on or about November 10, 2017, Kramer transferred to Defendants the Kramer Money.

28.     With the Kramer Money in hand, on or about November 30, 2017, Acier, through the newly-formed single-purpose-entity Washington, closed on the Newark Property and began construction on the Halo Project Venture.

29.     Defendants then breached the agreement by refusing to recognize the 35% Kramer Interest in the Halo Joint Venture and advising both lending institutions and industry contacts that Kramer does not possess the Kramer Interest in the Halo Project Venture.

30.     As such, Defendants stand to profit from the wrongful exclusion of Kramer from the Halo Project—purchased and constructed with the Kramer Money.

31.     As a direct result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than Ten Million Dollars ($10,000,000).

32.     Additionally, in as much as Kramer is entitled to a 35% interest in the Halo Project Venture, which Defendants are now disavowing, Kramer is further entitled to a constructive trust over the Halo Project Venture and thus the Newark Property.

33.     Further, given that Defendants committed wrongful acts, were unjustly enriched based on their receipt and wrongful misappropriation of the Kramer Money, in order to preserve the *status quo*, Plaintiff is entitled to a constructive trust over the fruits of Defendants'

misappropriated monies, including the Kramer Money, that were used for construction on Halo Project

## AS AND FOR THE SECOND CAUSE OF ACTION
### (Unjust Enrichment)

34.    Plaintiff repeats, reiterates and re-alleges the preceding paragraphs with the same force and effect as if more fully set forth herein.

35.    Alternatively, in the event it is found that there is no formal agreement between the parties, as described more fully above, Defendants have been unjustly enriched by their unlawful retention, self-dealing, and improper and unauthorized utilization of the Kramer Money, without recognizing Kramer his thirty-five (35%) interest in the Halo Joint Venture.

36.    Principles of equity and good conscience do not permit Defendants to retain the Kramer Money without recognizing the Kramer Interest in the Halo Project Venture.

37.    As a direct result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but in no event less than Ten Million Dollars ($10,000,000).

38.    Additionally, in as much as Kramer is entitled to a 35% interest in the Halo Project Venture, which Defendants are now disavowing, Kramer is further entitled to a constructive trust over the Halo Project Venture and thus the Newark Property.

39.    Further, given that Defendants committed wrongful acts, were unjustly enriched based on their receipt and wrongful misappropriation of the Kramer Money, in order to preserve the status quo, Plaintiff is entitled to a constructive trust over the fruits of Defendants' misappropriated monies, including the Kramer Money, that were used for construction on Halo Project

## JURY DEMAND

40.    Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiff demand the following judgment against Defendants:

(i)     A constructive trust over the Halo Project Venture and the Newark Property.

(ii)    Damages in an amount to be determined at trial, but in no event less than Ten Million Dollars ($10,000,000) for the First Cause of Action;

(iii)   Damages in an amount to be determined at trial but in no event less than Ten Dollars ($10,000,000) for the Second Cause of Action;

(iv)    An award of attorneys' fees, costs and disbursements of this action to the fullest extent permitted by law;

(v)     An award of pre-and post-judgment interest; and

(vi)    Any and all other and further relief as the Court may deem just and proper.

Date:  New York, New York
       April 17, 2023

Terrence A. Oved, Esq.
Aaron J. Solomon, Esq.
Oved & Oved LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York  10013
Tel. 212.226.2700